UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-28354

JINBO SHU and NINGBO LUOGEEN
ELECTRICAL APPLIANCE CO., LTD.,

Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A,"

Defendants.
_______________________________________/

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiffs, Jinbo Shu ("Shu") and Ningbo LuoGeEn Electrical Appliance Co., Ltd. ("LuoGeEn") (together, "Plaintiffs"), sue the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A" to this Complaint (collectively, "Defendants"), and allege:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Design Patent No. D1,005,550 (the "'550 Patent") and United States Patent No. 12,398,870 (the "'870 Patent") (together, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. The '550 Patent protects the ornamental design of a dual-head holiday projector light designed and sold by LuoGeEn, the original applicant and assignee: two cylindrical lamp

housings with ribbed front bezels, carried at either end of a curved yoke that rises from a single pedestal on a round base. Shu acquired the ’550 Patent from LuoGeEn by written assignment, together with all claims for past infringement, and then granted LuoGeEn an exclusive license under it for the United States. Shu holds title. LuoGeEn makes and sells the patented product. They sue together on the ’550 Patent in Count I.

3. Shu is also the inventor of the ’870 Patent, a utility patent on the structure of a multi-lamp projection device in which each lamp is held on a common base by a ball joint and can be aimed independently. The ’870 Patent issued to Shu, he still owns it, and he asserts it alone, in Count II.

4. Defendants sell a copy of the patented light on Amazon.com. Each Defendant operates one or more Amazon storefronts under a seller alias, and through those storefronts each Defendant imports, offers for sale, and sells into the United States, including into Florida and this District, a dual-head projector light that copies the ’550 Patent’s design and practices the ’870 Patent’s claimed invention (the “Accused Product”). Schedule “A” identifies each Defendant by seller alias, Amazon merchant identifier, and the Amazon Standard Identification Number (“ASIN”) of each listing that offers the Accused Product.

5. The facts supporting jurisdiction, joinder, and infringement as to each Defendant are set out, one row per Defendant, in the Per-Defendant Jurisdiction and Merits Chart attached as Exhibit D (the “Defendant Chart”), which is incorporated by reference.

**THE PARTIES**

6. Plaintiff Jinbo Shu is an individual residing in Ninghai County, Zhejiang Province, People’s Republic of China. Shu owns the ’550 Patent, and he is the named inventor

and owner of the ’870 Patent. Shu is also the legal representative of LuoGeEn as registered on its business license.

7. Plaintiff Ningbo LuoGeEn Electrical Appliance Co., Ltd. is a company organized under the laws of the People’s Republic of China, Unified Social Credit Code 91330226309089541G, with its registered address in Binhai Industrial Park, Xidian Town, Ninghai County, Ningbo, Zhejiang Province, People’s Republic of China. LuoGeEn designs, manufactures, and sells lighting products, including the dual-head projector light that embodies the ’550 Patent. LuoGeEn is the exclusive licensee of the ’550 Patent in the United States.

8. Defendants are the individuals and business entities identified on Schedule “A.” Each Defendant has disclosed to Amazon a business name and an address in the People’s Republic of China, as recorded for each Defendant in column 6 of the Defendant Chart. Each Defendant does business in the United States through one or more fully interactive Amazon.com storefronts identified on Schedule “A” (each, a “Defendant Storefront”).

9. Defendants operate under seller aliases. Their storefront names often do not match the brand names on their listings or the business names they disclose to Amazon. Plaintiffs therefore identify each Defendant by seller alias and Amazon merchant identifier and will seek leave to amend to substitute each Defendant’s legal name once confirmed through discovery.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

11. **Steps taken to verify jurisdiction over each Defendant.** Before filing, Plaintiffs’ investigator took the following steps for each Defendant, and recorded the results in the Defendant Chart: (a) loaded each accused listing under the Defendant’s own Amazon

merchant identifier to confirm that the Defendant was the seller offering it; (b) confirmed, using a delivery address in Tampa, Hillsborough County, Florida, that the listing offered delivery of the Accused Product to Florida, and recorded the delivery estimate; (c) placed an order for the Accused Product from the Defendant Storefront for delivery to that Florida address and recorded whether the Defendant accepted and shipped the order; and (d) recorded the business name and address the Defendant disclosed on its Amazon seller profile.

12. **Section 48.193(1)(a)(2).** Each Defendant committed a tortious act within Florida. Patent infringement is a tort, and each Defendant offered to sell and sold the Accused Product to purchasers in Florida, including the sales to Plaintiffs' investigator identified in column 5 of the Defendant Chart. Fla. Stat. § 48.193(1)(a)(2).

13. **Section 48.193(1)(a)(1).** Each Defendant operates, conducts, engages in, or carries on a business or business venture in Florida by operating a commercial storefront through which it solicits Florida customers, accepts their orders and payment, and arranges delivery to Florida addresses. Fla. Stat. § 48.193(1)(a)(1).

14. **Section 48.193(1)(a)(6).** In the alternative, each Defendant caused injury within Florida arising out of its acts outside Florida while, at or about the time of the injury, products it sold were used or consumed in Florida in the ordinary course of commerce. Fla. Stat. § 48.193(1)(a)(6).

15. **Due process.** Each Defendant purposefully directed its sales of the Accused Product at Florida by offering and delivering the product to Florida purchasers through an interactive storefront. Plaintiffs' claims arise out of those contacts, and the exercise of jurisdiction is reasonable.

16. **Rule 4(k)(2).** In the alternative, this Court has personal jurisdiction over each Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiffs' claims arise under federal law; on information and belief, no Defendant is subject to the general jurisdiction of the courts of any state; and each Defendant has directed its sales of the Accused Product at the United States as a whole through Amazon.com, such that exercising jurisdiction is consistent with the Constitution and laws of the United States.

17. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because, on information and belief, no Defendant resides in the United States, and a defendant not resident in the United States may be sued in any judicial district.

**JOINDER**

18. Joinder of Defendants is proper under 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 20(a)(2). Plaintiffs do not rely on the allegation that each Defendant infringes the Patents-in-Suit. Plaintiffs allege that their right to relief against Defendants arises out of the same series of transactions or occurrences relating to the importing, offering for sale, and selling of the same accused product, and that questions of fact common to all Defendants will arise.

19. **The same product, not a similar one.** Every listing on Schedule "A" offers the same physical product: a dual-head LED projector light with two cylindrical black housings mounted side by side on a curved yoke, a single pedestal, a round base, and a ground stake. The housings, yoke, pedestal, base, stake, and lens arrangement shown in the listings are identical across the Defendant Storefronts. On information and belief, the Accused Product sold through every Defendant Storefront comes from the same manufacturer or the same small group of related manufacturers.

20. **Shared marketing materials.** Defendant Storefronts that hold themselves out as unrelated market the Accused Product with the same or derivative product photographs and renderings, as the listing screenshots in Exhibit C show. Identical listing images across storefronts that claim no connection to one another point to a common source.

21. **The same period and the same market.** The Defendant Storefronts offered the Accused Product during overlapping periods running through the present, in the same Amazon search results, for the same Halloween and Christmas selling seasons, and at comparable prices.

22. **Common questions of fact.** Because every Defendant sells the same product, the dispositive questions are common to all of them: whether the Accused Product's design is substantially the same as the design claimed in the '550 Patent in the eye of the ordinary observer; whether the Accused Product meets each limitation of the asserted claims of the '870 Patent; the scope of the claimed design and the construction of the '870 Patent's claims in light of the prior art; the validity of each of the Patents-in-Suit; and the measure of each Defendant's profits and the reasonable royalty for sales of the same product.

23. **Judicial economy.** Because the infringement, claim-scope, and validity questions turn on a single product compared against the same two patents, trying them once avoids eight duplicative infringement analyses, inconsistent rulings on the scope of the same design and the meaning of the same claims, and the expense to the Court and the parties of eight parallel actions on an identical record.

## THE '550 PATENT

24. On November 21, 2023, the United States Patent and Trademark Office duly and lawfully issued the '550 Patent, titled "Light," from Application No. 29/892,684, filed May 22,

2023. A true and correct copy of the ’550 Patent is attached as Exhibit A. The USPTO issued the ’550 Patent to LuoGeEn as applicant and assignee.

25. The ’550 Patent claims “[t]he ornamental design for a light, as shown and described.” The figures depict two cylindrical lamp housings, each with a ribbed front bezel, joined at their lower sides by knuckle couplings to the ends of a curved, U-shaped yoke; a single pedestal rising from the center of the yoke; and a flat, round base.

26. LuoGeEn, the original applicant, was the assignee of record of the ’550 Patent from issuance. By a written Patent Assignment executed October 29, 2026, LuoGeEn assigned to Shu its entire right, title, and interest in and to the ’550 Patent, together with all claims and causes of action for infringement of the ’550 Patent, including infringement occurring before the assignment, and the right to sue for and collect damages, profits, and injunctive relief for that infringement. A true and correct copy of the Patent Assignment is attached as Exhibit E. The Assignment left LuoGeEn no right, title, or interest in the ’550 Patent. Shu is therefore the owner of the ’550 Patent and holds every claim for infringement that occurred before the Exclusive License described in the next paragraph.

27. By a written Exclusive Patent License Agreement effective as of October 29, 2026 (the “Exclusive License”), Shu granted LuoGeEn an exclusive license under the ’550 Patent to make, have made, use, offer to sell, sell, and import products embodying the patented design in the United States for the life of the patent. The license is exclusive even as to Shu, who has agreed not to practice the ’550 Patent in the United States and not to license anyone else to do so. Shu kept legal title, the right to consent to any settlement or license, and the right to sue if LuoGeEn declines, and each Plaintiff agreed to join the other in any action to enforce the ’550 Patent. A true and correct copy of the Exclusive License, with its financial terms redacted, is

attached as Exhibit F. Because Shu holds title and LuoGeEn holds the exclusive right to sell the patented design in the United States, both are proper plaintiffs, and together they hold every right to sue for infringement of the ’550 Patent.

28. The ’550 Patent is valid, enforceable, and presumed valid under 35 U.S.C. § 282.

29. LuoGeEn manufactures and sells lighting products embodying the design of the ’550 Patent in the United States, including through Amazon.com, under the Exclusive License, and it is the only authorized source of the patented product in the United States.

**THE ’870 PATENT**

30. On August 26, 2025, the USPTO duly and lawfully issued the ’870 Patent, titled “Projection Device,” from Application No. 19/003,687, filed December 27, 2024, which claims priority to Chinese Patent Application No. 202422991728.7, filed December 4, 2024. A true and correct copy of the ’870 Patent is attached as Exhibit G.

31. Shu is the sole named inventor of the ’870 Patent and was its applicant, and the ’870 Patent issued to him. Shu has owned the ’870 Patent since it issued and holds the right to sue for and recover all damages and other relief for its infringement.

32. The ’870 Patent addresses a practical problem with holiday and decorative projectors: each projection lamp traditionally needed its own base, so projecting more than one image meant more bases, more mounting work, and more ground space. ’870 Patent, col. 1, ll. 13-20. The claimed device mounts two or more projection lamps on a single base whose connecting portions extend in different directions. Each lamp is held at the end of a connecting portion by a ball joint: a spherical portion on the end of the arm sits in a spherical mounting groove in the lamp housing and is captured there by a mounting piece whose opening is smaller than the ball. The ball is formed by a hemispherical portion on the arm and a detachable

hemispherical cover, so the joint can be assembled even though the full ball could not pass through the opening. *Id.* col. 10, l. 52 to col. 11, l. 40. Each lamp can then be aimed on its own while sharing one base.

33. Claim 1 of the ’870 Patent recites:

> 1. A projection device, comprising: at least two projection lamps; and a base; wherein the base comprises at least two connecting portions, the at least two connecting portions extend in different directions, and at least one of the at least two projection lamps is disposed on each of the connecting portions; wherein a connecting piece comprises the at least two connecting portions and a mounting portion, the at least two connecting portions are connected to the mounting portion, the connecting piece further comprises spherical portions and mounting pieces, each of the spherical portions are connected to one end of a corresponding one of the at least two connecting portions; wherein each of the projection lamps comprises a housing, each housing define a mounting groove, and a groove wall of each mounting groove is spherical; wherein each of the mounting pieces defines a through hole, an aperture of each through hole is less than an outer diameter of each of the spherical portions, each of the mounting pieces is detachably connected to each housing to rotatably connect each of the spherical portions in each mounting groove, and each of the connecting portions extends outward from each through hole; and wherein the connecting piece comprises a main body portion and hemispherical coves [sic]; wherein the main body portion comprises the mounting portion, the at least two connecting portions, and hemispherical portions respectively connected to the at least two connecting portions; wherein the hemispherical covers are respectively detachably connected to the hemispherical portions to form the spherical portions.

34. The ’870 Patent is valid, enforceable, and presumed valid under 35 U.S.C. § 282.

## DEFENDANTS’ INFRINGING CONDUCT

35. Defendants import, offer for sale, and sell the Accused Product through the Defendant Storefronts and the ASINs identified on Schedule “A,” without Plaintiffs’ authorization.

36. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Product is substantially the same as the design claimed in the ’550 Patent, such that the resemblance would deceive the observer and induce the observer to purchase the Accused Product supposing it to be the patented design. The Accused Product copies the overall visual impression of the claimed design: paired cylindrical housings with ribbed front bezels, carried on a curved yoke over a single pedestal and round base. Side-by-side comparisons of the ’550 Patent figures and the Accused Product as offered by each Defendant are attached as Exhibit B, and screenshots of each Defendant Storefront’s listing are attached as Exhibit C.

37. The Accused Product also has the structure claimed in the ’870 Patent. Its two projection lamps are carried on a single stake-mounted base by a curved arm whose ends extend in different directions, and each lamp is joined to the end of the arm by a ball joint of the kind claim 1 describes. A chart comparing each limitation of claim 1 of the ’870 Patent to the Accused Product is attached as Exhibit H.

38. On information and belief, Defendants have sold substantial quantities of the Accused Product into the United States.

39. Defendants conceal their identities and the full scope of their operations behind seller aliases. On information and belief, Defendants hold the proceeds of their sales in Amazon seller accounts from which funds can be transferred outside the United States at any time and without notice.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,005,550**
**(By Both Plaintiffs Against All Defendants)**

40. Plaintiffs reallege paragraphs 1 through 39 as if fully set forth here.

41. Each Defendant has infringed and continues to infringe the ’550 Patent under 35 U.S.C. § 271(a) by making, using, importing, offering for sale, and selling the Accused Product in the United States, including in this District, without authorization.

42. Each Defendant has also infringed under 35 U.S.C. § 289 by applying the patented design, or a colorable imitation of it, to an article of manufacture for the purpose of sale, and by selling and exposing for sale an article of manufacture to which the patented design or a colorable imitation has been applied.

43. Each Defendant has had actual notice of the ’550 Patent and of its infringement no later than service of this Complaint. Each Defendant’s continued infringement after that notice is willful.

44. Plaintiffs have been and will continue to be damaged by Defendants’ infringement. Each sale of the Accused Product displaces a sale of the patented product that LuoGeEn sells as exclusive licensee, and Shu loses the royalty each lost sale would have paid him under the Exclusive License. Plaintiffs are entitled to recover, at their election, each Defendant’s total profit under 35 U.S.C. § 289, or damages adequate to compensate for the infringement, including LuoGeEn’s lost profits, but in no event less than a reasonable royalty, under 35 U.S.C. § 284.

45. Defendants’ infringement has caused and, unless enjoined, will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law, including the loss of the exclusivity the ’550 Patent confers during short and fixed holiday selling seasons, price erosion and lost sales of the patented product that LuoGeEn sells as exclusive licensee, and the practical inability to collect a money judgment from foreign sellers who can move their funds offshore

without notice. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief under 35 U.S.C. § 283.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 12,398,870**
**(By Plaintiff Jinbo Shu Against All Defendants)**

46. Shu realleges paragraphs 1 through 39 as if fully set forth here.

47. Each Defendant has infringed and continues to infringe at least claim 1 of the ’870 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, importing, offering for sale, and selling the Accused Product in the United States, including in this District, without Shu’s authorization.

48. The Accused Product meets each limitation of claim 1. It is a projection device with two projection lamps and a base. The base includes a connecting piece made up of a central mounting portion, received in the ground stake, and two curved connecting portions that extend from it in different directions, with one projection lamp on each. A spherical portion sits at the outer end of each connecting portion. Each lamp housing defines a mounting groove with a spherical groove wall that receives the spherical portion. A mounting piece, detachably connected to the housing, defines a through hole narrower than the spherical portion, holds the spherical portion rotatably in the groove, and allows the connecting portion to extend out through the hole. The connecting piece consists of a main body portion, which includes the mounting portion, the connecting portions, and a hemispherical portion at the end of each connecting portion, and a hemispherical cover detachably connected to each hemispherical portion to complete the spherical portion. Exhibit H shows where each limitation is found in the Accused Product.

49. Each Defendant has had actual notice of the ’870 Patent and of its infringement no later than service of this Complaint. Each Defendant’s continued infringement after that notice is willful.

50. Shu has been damaged by Defendants’ infringement of the ’870 Patent and is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs, under 35 U.S.C. § 284.

51. Unless enjoined, Defendants will continue to infringe the ’870 Patent, taking sales from the projection lights made by LuoGeEn, the company Shu leads as its legal representative, and Shu will have no adequate remedy at law against foreign sellers who can move their funds offshore without notice. Shu is entitled to a permanent injunction under 35 U.S.C. § 283.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court enter judgment in their favor and against each Defendant and award the following relief:

A. A judgment that each Defendant has infringed the ’550 Patent and, on Count II, the ’870 Patent;

B. Preliminary and permanent injunctions under 35 U.S.C. § 283 against infringement of the ’550 Patent, and a permanent injunction under 35 U.S.C. § 283 against infringement of the ’870 Patent, enjoining each Defendant, and its officers, agents, servants, employees, and all persons in active concert or participation with any of them who receive actual notice of the order, from

making, using, importing, offering for sale, or selling the Accused Product or any other product not colorably different from it, in the United States;

C. An order directing Amazon.com, Inc. to disable the Schedule "A" listings, and an order restraining the transfer of the proceeds of the accused sales held in the Defendant Storefronts' seller accounts pending final judgment;

D. On Count I, at Plaintiffs' election, an award of each Defendant's total profit under 35 U.S.C. § 289, or damages under 35 U.S.C. § 284 in an amount no less than a reasonable royalty, without double recovery for the same infringing sales;

E. On Count II, an award to Shu of damages under 35 U.S.C. § 284 in an amount no less than a reasonable royalty;

F. To the extent damages are awarded under 35 U.S.C. § 284, enhanced damages for willful infringement;

G. A finding that this case is exceptional and an award of reasonable attorneys' fees under 35 U.S.C. § 285;

H. Pre-judgment and post-judgment interest and costs; and

I. Such other relief as the Court deems just.

Dated: November 20, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

Patrick Reid
Florida Bar No. 112708
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
patrick.reid@carlsoniplaw.com

*Counsel for Plaintiffs Jinbo Shu and Ningbo LuoGeEn Electrical Appliance Co., Ltd.*